## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DANIEL LEBAN**                                   **CIVIL ACTION**

**VERSUS**                                          **NO. 13-5181**

**DEPT. OF VETERANS AFFAIRS**              **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Defendant Department of Veterans Affairs's (the "VA") "Motion to Dismiss for Lack of Subject-Matter Jurisdiction."[1] Having considered the motion, the response, the reply, the record, and the applicable law, for the following reasons, the Court will grant Defendant the VA's Motion to Dismiss.

## I. Background

### A. Procedural Background

Plaintiff Daniel Leban ("Leban") filed his Complaint in this matter on July 30, 2013,[2] alleging that "[t]hee [sic] Orleans Office of Veterans Affairs Record Department took my Veteran Hospitals [sic] identity card."[3] The VA was served on August 20, 2013, making its answer due on October 21, 2013.[4] The VA filed an ex parte motion for an extension of time to answer on November

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1.

[3] *Id.* at 1.

[4] Rec. Doc. 7.

1

13, 2013,[5] which the Court granted on November 14, 2013.[6] On November 18, 2013, Leban filed an opposition to the VA's motion for extension of time, arguing that it should not be granted because the motion was untimely.[7] Notwithstanding this, the VA filed its motion to dismiss for lack of subject-matter jurisdiction on December 4, 2013.[8] On December 12, 2013, the VA, with leave of court, filed a supplemental memorandum[9] in support of its motion to dismiss.[10] On December 17, 2013, Leban filed an opposition memorandum to the VA's motion to dismiss.[11] On December 27, 2013, Leban filed a request for oral argument on the motion to dismiss,[12] which the Court denied on January 3, 2014.[13] On January 8, 2014, with leave of Court, Leban filed a supplement memorandum in opposition to the VA's motion to dismiss.[14] Finally, Leban filed a second request for oral argument on the VA's motion to dismiss on February 19, 2014.[15]

## B. Factual Background

Leban asserts in a two-page complaint that " thee [sic] Orleans Office of Veterans Affairs Record Department took my Veteran Hospitals [sic] identity card. Hopefully no one have [sic] used

---

[5] Rec. Doc. 8.

[6] Rec. Doc. 9.

[7] Rec. Doc. 10.

[8] Rec. Doc. 11.

[9] Rec. Doc. 12.

[10] Rec. Doc. 13.

[11] Rec. Doc. 15.

[12] Rec. Doc. 16.

[13] Rec. Doc. 17.

[14] Rec. Docs. 19, 20.

[15] Rec. Doc. 21.

my V.A. medical I.D. card. [T]his is why I[,] Daniel Leban[,] is [r]isking identity theft against thee [sic] VETERANS Affairs Department."[16] Leban continues, "Thee [sic] VA Hospital helped me stop smoking and drinking[.] [T]he Veterans Clinic helped me many times before February 15 of 2008, I had no [p]roblems [r]eceiving HELP before 02-15-2008 I were [sic] PUT in this wheelchairs [sic]."[17]

## II. Arguments

### A. VA's Arguments in Favor of its Motion to Dismiss

The VA asserts that "Plaintiff failed to identify a statute upon which this Court can exercise subject-matter jurisdiction over Plaintiff's claims." The VA then argues that "[t]o the extent Plaintiff's claims fall under the Federal Tort Claims Act ('FTCA') or are an attempt to appeal a Department of Veterans Affairs ('VA') eligibility or benefits decision, this Court does not have subject-matter jurisdiction over Plaintiff's claims."[18] Citing to *United States v. Testan*, the VA maintains that when the Government waives its sovereign immunity, "[a] court's subject-matter jurisdiction is narrowly defined by that waiver" made by the Government.[19]

While the VA admits that the FTCA is a partial waiver of the Government's sovereign immunity, the VA insists that "in order to establish federal court jurisdiction under the FTCA, a claimant must satisfy the 28 U.S.C. § 2675 requirements of: (1) giving the agency written notice of his claim sufficient to allow the agency to investigate and (2) placing a value on his claim."[20] The

---

[16] Rec. Doc. 1 at 1.

[17] *Id.* at 2.

[18] Rec. Doc. 11-1 at 1.

[19] *Id.* (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)).

[20] *Id.* at 2–3 (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

VA quotes from the Fifth Circuit case of *Wardsworth v. United States* for the proposition that "[n]oncompliance with [these requirements] deprives a claimant of federal court jurisdiction over his . . . claim."[21]

According to the VA, "[u]pon information and belief, Plaintiff Daniel Leban has failed to comply with the FTCA exhaustion requirement. The undersigned has spoken with agency counsel for the VA and has been told no FTCA administrative claim has been filed by Plaintiff."[22] The VA, thus, concludes that "[a]ccordingly, this Court lacks subject-matter jurisdiction under the FTCA."[23]

Moreover, the VA argues that this Court lacks subject-matter jurisdiction because Leban is bringing a claim for eligibility or benefits. The VA alleges that "[u]pon information and belief, Plaintiff's identification card was taken because the VA determined that Plaintiff was not eligible for benefits."[24] According to the VA, under 38 U.S.C. §§ 7104(a)(1), 7252(a), and 7292 appeals of VA eligibility or benefits are vested exclusively with the Board of Veterans Appeals, the United States Court of Appeals for Veterans Claims, and the United States Court of Appeals for the Federal Circuit.[25] Thus, even if Leban had exhausted his administrative remedies, jurisdiction for an appeal would lie with one of these other adjudicatory bodies and not this Court, the VA argues.[26] Accordingly, the VA concludes that "Plaintiff has failed to satisfy his burden of establishing subject-

---

[21] *Id.* at 3 (quoting *Wadsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983)).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 3–4; *see also* n.2 and n.3.

[26] *Id.* at 4.

4

matter jurisdiction for review of VA eligibility or benefits decision."[27]

### B. The VA's Supplemental Memorandum in Support of Its Motion to Dismiss

In its supplemental memorandum, the VA argues that because VA Staff Attorney Charles J. Caine has now filed a declaration with the Court "that the Office of Regional Counsel in Louisiana has never received an administrative tort claim from Daniel Leban, nor any equivalent of a tort claim from anyone acting on his behalf . . . , this Court lacks subject-matter jurisdiction over Plaintiff's claims under the FTCA."[28] Moreover, the VA asserts that Staff Attorney Charles J. Caine has also filed a declaration "that there is no evidence that Daniel Leban ever made administrative appeal of the revoking of his VA medical eligibility in December 2008 to the VA Board of Veterans Appeals, which is where disagreements with medical decisions at the local level would be made."[29] "Therefore," according to the VA, "to the extent Plaintiff is attempting to appeal a decision regarding his eligibility for VA benefits, Plaintiff has not exhausted his administrative remedies and this Court would similarly lack subject-matter jurisdiction."[30]

### C. Leban's Opposition to the Motion to Dismiss

In his opposition, Leban first states that he filed a motion in opposition to the VA's request for a continuance.[31] He continues that, "[T]hee [sic] Court granted thee [sic] defendant its continuous twenty one working days it expires December 16–2013, however, thee [sic] clerks [sic] office addressed my Motion as a Memorandum which is thee [sic] proper way to addressed [sic] thee [sic]

---

[27] *Id.* at 5.

[28] Rec. Doc. 14 at 1 (internal citations and quotation marks omitted).

[29] *Id.* at 2.

[30] *Id.*

[31] Rec. Doc. 15 at 1.

Court about such matters."[32]

Leban further argues that "[i]t appears as though thee [sic] Court do [sic] not have jurisdiction to Order the defendant which is a federal agency. [H]owever, under thee [sic] federal torts claims act thee [sic] Court do have thee [sic] right to defend individuals from federal agency negligent [sic]."[33]

### D. Leban's Supplemental Memorandum in Opposition to the Motion to Dismiss

In his supplemental memorandum in opposition to the motion to dismiss, Leban asserts that he "did contact and talk to the agency" but that he was "stonewalled."[34]

## II. Law and Analysis

### A. Subject Matter Jurisdiction

An action must be dismissed if it appears at any time that the court does not possess subject matter jurisdiction over a matter.[35] "The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations."[36] In other words, in determining whether it has subject matter jurisdiction "the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear

---

[32] *Id.*

[33] *Id.* at 2.

[34] Rec. Doc. 20 at 1.

[35] Fed. R. Civ. P. 12(h)(3).

[36] *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations and quotation marks omitted).

the case."[37] In undertaking this analysis,

> A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case.[38]

Moreover, the court has the discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.[39] A court can look beyond the complaint in a motion to dismiss for lack of subject-matter jurisdiction, as a general rule, at any time a party challenges the facts on which jurisdiction depends.[40] In *Williamson v. Tucker*, the Fifth Circuit explained that, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction:

> [T]he district court is not limited to an inquiry into undisputed facts. It may hear conflicting wirtten and oral evidence and decide for itself the factual issues which determine jurisdiction. Thus, in *Menchaca v. Chrysler Credit Corp.* . . . we upheld a dismissal for lack of subject matter jurisdiction which was based in part on the district court's determination—on the basis of a written record and the testimony of all parties—of factual issues that were in dispute.[41]

This Court has applied the above doctrine in cases involving lawsuits against the Department of Veterans Affairs, dismissing for lack of subject-matter jurisdiction a complaint against the VA because, as in this case, the plaintiff did not dispute the VA's affidavit that showed that the plaintiff

---

[37] *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

[38] *Id.*

[39] *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

[40] *Battaglia v. United States*, 495 F. App'x 440, 441 (5th Cir. 2012); *Oaxaca*, 641 F.2d at 391.

[41] *Williamson v. Tucker*, 645. F.2d 404, 413 (5th Cir. 1981).

had not exhausted his administrative remedies with the VA before filing suit.[42]

Additionally, unlike a 12(b)(6) motion to dismiss, when reviewing a 12(b)(1) motion to dismiss, a court does not necessarily have to accept a plaintiff's allegations as true. Rather, whether a plaintiff's allegations must be accepted as true depends on whether a party is raising a challenge to the face of the complaint or a challenge to the facts on which jurisdiction depends.[43] When a party makes a facial challenge that the complaint, standing alone, fails to establish that a federal question is at issue, a court's "review is limited to observing whether the complaint is drawn to seek recovery under a federal statute, and if so, determining whether as a matter of law the federal claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."[44]

In contrast, when a party disputes facts necessary to establish subject-matter jurisdiction, "the district court must resolve disputed facts *without* giving a presumption of truthfulness to the plaintiff's allegations."[45]  The exception to this rule of resolving disputed facts is when the jurisdictional question is so closely intertwined with the merits of a plaintiff's complaint as to make ruling on a 12(b)(1) motion tantamount to deciding a 12(b)(6) motion.[46] The Fifth Circuit explained the reason for allowing district courts to resolve factual disputes on 12(b)(1) motions in *Williamson*

---

[42] *Robinett v. State Farm Mut. Automobile Ins. Co. et al.*, No. Civ. A 02-0842, 2002 WL 1822933, at *2 (E.D. La. Aug. 8, 2002) (Vance, J.).

[43] *Williamson*, 645 F.2d at 413.

[44] *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975) (citations, internal quotation marks, and alterations omitted).

[45] *Vantage Trailers*, 567 F.3d at 748 (emphasis added).

[46] *Montez*, 392 F.3d at 148 (noting that "[o]rdinarily the district court can resolve factual disputes in determining jurisdiction pursuant to a Rule 12(b)(1) motion for dismissal," while at the same time reversing the district court for resolving a disputed factual issue in that case because "the fact [was] determinative of both the federal jurisdiction question and the underlying cause of action").

*v. Tucker*:

> The facial attack (on subject matter jurisdiction) does offer similar safeguards to the plaintiff [as a Rule 12(b)(6) motion]: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) . . . . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.[47]

## B. The Federal Tort Claims Act

In order to establish federal court jurisdiction under the Federal Tort Claims Act, a claimant must satisfy two requirements under 28 U.S.C. § 2675. First, a claimant must give the agency written notice of his or her claim sufficient to allow the agency to investigate the claim. Second, a claimant must place a value on his or her claim.[48] "Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim."[49] The failure to do so is a jurisdictional bar to the action, as "the subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a)."[50]

## C. Whether Leban Complied with the Statutory Requirements of 28 U.S.C. § 2675

The burden is on a plaintiff suing in federal court to establish that federal jurisdiction exists.[51]

---

[47] *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

[48] *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

[49] *Id.*

[50] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (affirming dismissal of claim for lack of jurisdiction for failure to comply with 28 U.S.C. § 2675(a)).

[51] *Vantage Trailers*, 567 F.3d at 748.

In this particular case, Leban must show that he complied with 28 U.S.C. § 2675, which means that he (1) gave the agency written notice of his claim sufficient to allow the agency to investigate the claim; and (2) placed a value on his claim.[52] The record fails to establish that Leban did either. While the pleadings of pro se parties are to be construed liberally,[53] the weight of the evidence suggests that Leban did not comply with  28 U.S.C. § 2675. Leban only alleges that he contacted the VA. However, that does not suffice to show that Leban gave the VA written notice of his claim, as required by 28 U.S.C. § 2675. Moreover,  the VA has included an affidavit from a staff attorney in which it is stated that the VA "never received an administrative tort claim from Daniel Leban, nor any equivalent of a tort claim from anyone acting on his behalf."

The VA does not dispute that Leban's claim raises a federal question, as it expressly asserts that Leban's claims, if legally sufficient to state a claim, would arise under the Federal Tort Claims Act.[54] Rather, the VA asserts that Leban failed to exhaust his administrative remedies as he was required to do under the Federal Tort Claims Act.[55] In *Robinett v. State Farm Mutual Automobile Insurance Association*, this Court treated this same scenario—a plaintiff who had failed to exhaust his administrative remedies with the VA—as a factual challenge (rather than a facial challenge) to subject-matter jurisdiction and dismissed the plaintiff's complaint after determining that the plaintiff has failed to establish that he had exhausted his administrative remedies.[56] Similarly, here, the fact

---

[52] *Adams v. United States*, 615 F.2d at 289.

[53] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "[a] document filed *pro se* is to be liberally construed," and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal citations and quotation marks omitted).

[54] Rec. Doc. 11-1 at 1.

[55] *Id.*

[56] *Robinett*, No. Civ. A 02-0842, 2002 WL 1822933.

in dispute—whether Leban exhausted his administrative remedies—is a jurisdictional question that is not determinative of the merits of Leban's underlying complaint. Thus, because this factual inquiry affects this Court's jurisdiction without requiring it to reach the merits of Leban's complaint, the Court "must resolve" this factual question "without giving a presumption of truthfulness to the plaintiff's allegations."[57]

The Court finds that Leban's assertions alone are insufficient to carry his burden of proof that he complied with 28 U.S.C. § 2675. When Leban's deficient allegations are coupled with the VA's affidavit that Leban did not file a claim with the VA, it becomes even clearer that Leban has not carried his burden to show by a preponderance of the evidence that he complied with § 2675. Therefore, this Court, obligated as it is "to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case,"[58] finds the evidence insufficient to establish the Court's jurisdiction to hear the matter. Accordingly, the Court dismisses Leban's complaint against the VA for lack of jurisdiction.

### III. Conclusion

Having found that Leban has not brought forth sufficient evidence to show that he complied with 28 U.S.C. § 2675, the Court finds that it lacks jurisdiction to hear the matter. Accordingly,

---

[57] *Vantage Trailers*, 567 F.3d at 748.

[58] *Montez*, 392 F.3d at 149.

**IT IS HEREBY ORDERED** that the VA's Motion to Dismiss for Lack of Subject-Matter Jurisdiction[59] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of July, 2014.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[59] Rec. Doc. 11

12